HALSTEAD v. THE CITY OF ATTICA.

CITIES.—PRECEPTS.—Where a precept, issued for the collection of an assessment for a.street improvement, is abandoned by the city before sale, and upon a new order of the common council a second precept issues for the same assessment, the time within which an appeal may be taken is to be computed for the time of giving notice under the second precept.

APPEAL from the *Fountain* Common Pleas.

GREGORY, J.—Under section 71 of the act of *March* 14th, 1867, for the incorporation of cities, a precept against the appellant was issued and placed in the hands of the treasurer of the city of *Attica*. The notice required was served on *Halstead*, on the 28th of *January*, 1867. The property named and described in the writ was not sold, by order of the city attorney. On the 3d of *June*, the common council ordered that a precept issue to the city treasurer on the property of *Halstead*, for the amount of the assessment for improvement of *Perry* street, together with all costs and damages. Under this order, a precept was issued for the same amount against the same property embraced in the first writ. This last precept came to the hands of the city treasurer on the 6th of *June*, and notice was on that day served on *Halstead*. On the 22d of *June*, *Halstead* appealed. The appellee appeared in the court below, and moved to strike out the second paragraph of appellant's answer, and filed a plea in abatement of the residue. The plea in abatement was, on the motion of the appellant, rejected. The appellee then moved the court to dismiss the appeal for the want of jurisdiction, which motion was sustained. This presents the question in the case.

It is contended for the city, that the appeal must have been taken within twenty days from the time of the notice under the first precept. It is urged that the last writ is but an *alias*. It is true that it is for the same amount and against the same property, but it is as much an original

precept as the first. It is issued on the special order of the common council. The command of the writ is not "as before commanded." It is simply a second precept for the same assessment, against the same property. Indeed, the statute does not seem to contemplate an *alias*. The first writ was abandoned by the city. We think, under the statute, the appellant had the right to appeal from the last writ. If, by taking a writ and then withdrawing it, the city could deprive the property holder of his right to appeal, a great wrong might in some cases result to the latter.

As the appeal was in time, it becomes unnecessary for us to inquire whether the acts of the appellee were a waiver of any objection that might have been urged on the ground of the time in which it was taken.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the motion to dismiss the appeal, and for further proceedings.

*J. Buchanan*, for appellant.

*M. M. Milford* and *A. A. Rice*, for appellee.